

**FILED**
VANESSA L. ARMSTRONG, CLERK

FEB 0 8 2018

**U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                           CRIMINAL ACTION NO. 3:15CR-143-CRS

EARL CLAYTON III                                           DEFENDANT

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crime charged in the Second Superseding Indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not. You must follow all of the instructions as a whole; you may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against a defendant is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove innocence or produce any evidence at all. This means that a defendant has no obligation to testify. Therefore, if a defendant does not testify during a trial, you may not draw any inference or suggestion of guilt from that fact, nor may you consider this in any way in reaching your verdict. The United States has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the United States' proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make. You need not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding how much of a witness' testimony to believe, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth or a personal interest in the outcome of the case? Did the witness have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony given before you during the trial.

The fact that a witness has been convicted of a felony crime is another factor you may consider in deciding whether you believe the testimony of that witness.

However, a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that was simply an innocent lapse of memory or an intentional falsehood.

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case, the United States called as one of its witnesses a person with whom the United States entered into a plea agreement. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court. However, a witness who hopes to gain more favorable treatment in his or her own case may have a reason to make a false statement because he wants to strike a good bargain with the United States. So, while a witness of that kind may be entirely truthful when testifying, you should consider his testimony with more caution than the testimony of other witnesses.

And of course, the fact that a witness has pled guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

## COUNT 1 - CONSPIRACY

Title 21, United States Code, Section 846, makes it a federal crime for anyone to conspire or agree with someone else to possess with intent to distribute heroin.

A defendant can be found guilty as to Count 1 only if all of the following facts are proved beyond a reasonable doubt:

First:    That on or about November 24, 2015, Earl Clayton III came to a mutual understanding with at least one other person to try to accomplish a common and unlawful plan, that is, to knowingly and intentionally possess with intent to distribute a substance containing heroin; and

Second:   That such defendant knowingly and voluntarily became a member of such conspiracy.

Because the essence of a conspiracy is the making of the scheme itself, it is not necessary for the United States to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a defendant has an understanding of the unlawful nature of a plan and knowingly joins in that plan on one occasion, that is sufficient to convict that defendant for conspiracy even though such defendant had not participated before or played only a minor part. It is not necessary for the United States to prove that those who were members had entered into any formal type of agreement.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also,

a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

### Special Interrogatory as to Count 1

If you have found the defendant guilty as to Count 1, you must also decide beyond a reasonable doubt what quantity of the substance containing heroin that the defendant conspired to possess with intent to distribute on or about the date set forth in the Second Superseding Indictment. If you find the defendant guilty as to Count 1, you will complete the portion of Verdict Form A asking you to make this finding as to quantity.

The parties have stipulated, and it is therefore established and not in question, that the substance seized by police and federal agents from 5100 Roederer Drive, Louisville, Kentucky, on November 24, 2015 was 125 grams of heroin, as determined by laboratory analysis by the Kentucky State Police Crime Laboratory.

You will note that the indictment charges that the crime was committed "on or about" certain dates. The United States does not have to prove with certainty the exact date of the alleged crime. It is sufficient if the United States proves beyond a reasonable doubt that a crime was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "voluntarily," as that term has been used in these instructions, means that the act was committed intentionally and purposely, with the specific intent to do something the law forbids.

The question of punishment should never be considered by the jury in any way in deciding the case. If the defendant is convicted the matter of punishment is for the judge to determine.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will not have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.



FILED
VANESSA L. ARMSTRONG. CLERK

DEC. - 5 2017

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

**EARL CLAYTON III**

SECOND SUPERSEDING INDICTMENT

NO.   3:15CR-143-CRS
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(B)
21 U.S.C. § 846

The Grand Jury charges:

## COUNT 1

On or about November 24, 2015, in the Western District of Kentucky, Jefferson County, Kentucky, **EARL CLAYTON III,** defendant herein, conspired with other persons, both known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule 1 controlled substance, as defined in Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B).

A TRUE BILL.

FOREPERSON

RUSSELL M. COLEMAN
UNITED STATES ATTORNEY

## VERDICT FORM A

## CONSPIRACY

| | |
|---|---|
| | **District** |
| **𝕬nited 𝕾tates 𝕯istrict 𝕮ourt** | Western District of Kentucky |
| **Case Title** | **Docket No.** |
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION NO. 3:15CR-143-CRS |
| EARL CLAYTON III | |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE, FIND:**

The defendant, Earl Clayton III, _____ as to Count 1 of the Second Superseding Indictment.
<br>(guilty/not guilty)

If you have found the defendant, Earl Clayton III, guilty as to Count 1, you will make the following determination:

We, the Jury, find beyond a reasonable doubt that on or about the date set forth in the Second Superseding Indictment, the defendant, Earl Clayton III, conspired to possess with intent to distribute a substance containing heroin in the amount of

_____ 100 grams or more

_____ Less than 100 grams

| | |
|---|---|
| **Foreperson's Signature** | **Date** |
| | |